## Killion Trust

*Edward J. O'Halloran*, for exceptant.

*John F. Thaete, A. David M. Speers, George S. Forde, Jr., James E. Gallagher, Jr.,* and *Lois G. Forer*, contra.

LEFEVER, J., May 31, 1963.—Daniel A. Killion executed three deeds of trust, dated April 27, 1960, and a fourth deed of trust, dated November 15, 1960. Each of these deeds conveyed the principal to Fidelity-Philadelphia Trust Company, in trust, to pay the net income for life to settlor; and upon his death to pay the income for life or the remainder to named individuals and charities. Each instrument provided that "this deed of trust shall be irrevocable." None of the deeds reserved to settlor a power of consumption of principal, a power of appointment, a right of reverter or any other right or power, except, "the right to add in any manner whatsoever other property to this trust."

Settlor executed a last will and testament dated February 9, 1960, and two codicils dated February 10, 1960, and April 19, 1960. Thereby, he gave his entire estate to specified relatives and charities. By

Item Fifth of his will he provided that "all estate, transfer and inheritance taxes asessed by reason of my death" on testamentary or extra-testamentary property "shall be paid out of the residue of my estate." There was no gift or other provision for his estranged wife in any of the deeds, the will or the codicils.

Settlor died on March 20, 1962. His widow filed an election to take against settlor's will under section 8 of the Wills Act of April 24, 1947, P. L. 89, and against the four deeds of trust under section 11 of the Estates Act of April 24, 1947, P. L. 100, as amended.

Under date of April 9, 1963, Judge Burke filed an adjudication in re the account of the executors. Therein he awarded the balance of the testamentary estate amounting to $61,854.25, one-half to the widow by reason of her election and the other one-half to the charities and individuals named in the will and codicils, "the awards to be subject . . . to such transfer, inheritance and Federal estate taxes as may be due on property passing under testator's will and otherwise by reason of his death." No exceptions have been filed to that adjudication. It is, therefore, final. Counsel for the beneficiaries of the inter vivos trusts agreed at the argument that the widow's share of the testamentary estate was free of any liabiliy for State and Federal inheritance and estate taxes on the inter vivos trusts.

Accounts were filed in the four inter vivos trusts. At the audit thereof, the widow took the position that the direction in paragraph fifth of settlor's will for payment of inheritance and estate taxes out of the residue of settlor's estate constituted an exercise of an impliedly reserved power of revocation over the inter vivos trusts so as to subject them to the widow's election under section 11 of the Estates Act of 1947, as amended. Judge Burke held to the contrary. Hence, these exceptions.

Does this tax clause constitute a "conveyance of assets" within section 11 of the Estates Act of 1947, as amended, so as to subject the four deeds of trust to the widow's election?

"There is no doubt but that under the law of Pennsylvania, . . . a married man . . . may dispose of his personal estate as he sees fit. He is the absolute owner thereof and and his wife and children have no vested interest therein": Montague Estate, 403 Pa. 558, 560. In 1947, the legislature changed this common law rule by enacting section 11 of the Estates Act of 1947, which provides, inter alia:

"A conveyance of assets by a person who retains a power of appointment by will, or a power of revocation or consumption over the principal thereof, shall at the election of his surviving spouse, be treated as a testamentary disposition so far as the surviving spouse is concerned to the extent to which the power has been reserved. . ."

The comment of the Joint State Government Commission is revealing: "This Section preserves for the surviving spouse the right to share in the decedent's assets *where the decedent has retained important rights of ownership at death. . .*" (Italics supplied.)

The purpose of the legislature in enacting this statute, as reflected by the foregoing comment, was recognized by the Supreme Court in Huested Estate, 403 Pa. 185, 191, and in Behan Estate, 399 Pa. 314, 318, viz:

". . . . The mischief to be remedied and the reason for the new law are clear. Wives were being very unfairly deprived of a share in their husband's personal property by a transparent trust device which permitted a husband to retain control of his property, and at the same time legally deprive his wife of her just marital rights therein. The legislature in and by Sec-

tion 11 of the Estates Act of 1947 remedied this gross injustice by providing that so far as a surviving electing wife was concerned, a conveyance of property by a husband was testamentary to the extent that he retained *dominion and control . . . or consumption, or appointment by will,* subject only to the rights of a 'defined' income beneficiary." (Italics supplied.)

The instant deeds of trust were expressly irrevocable and reserved for settlor neither power of appointment nor power of consumption, nor any other power of dominion and control. The sole right of settlor was to receive income from the trusts during his lifetime. Unlike Huested Estate, supra, and Behan Estate, supra, no power to revoke, amend or appoint was reserved. Moreover, the rights of successive income beneficiaries and remaindermen were also explicitly set forth. When settlor executed these deeds and conveyed the subject property, his act was final. He had completely divested himself of all right and power in the trust property, except to receive income for life.

It follows that settlor could not add to his rights or powers under the deeds of trust by any writing he chose to execute. A fortiori, he could not effect a change in the deeds of trust by any provision in his will, whether executed before or after the deeds of trust, as a will takes effect at death. Therefore, the fifth paragraph of his will had no effect upon his rights and power under the deeds of trust.

Settlor, who failed to make any provision for his wife in his four deeds of trust and in his will, may have wished further to diminish her rights in his testamentary estate, or to exhaust that estate by the tax clause in paragraph fifth of his will. However, that paragraph, at most, was a legacy or testamentary provision in favor of the beneficiaries of his deeds of trust. Therefore, this provision was subject to the widow's election. The tax clause in the will neither

added to nor substracted from the widow's share. Consequently, settlor's widow, by her election, was entitled to one-half of his net testamentary estate before payment of inheritance and estate taxes on the inter vivos trusts. It was so awarded.

The learned auditing judge properly ruled that the widow's election did not reach the four inter vivos trusts because settlor did not reserve any dominion or control over them within the provisions of section 11 of the Estates Act, as amended.

Accordingly, the exceptions are dismissed and the adjudication is confirmed absolutely.